Robert C. Carlson, Esq. (SBN 097473)
Sharon A. Huerta, Esq. (SBN 186998)
Sarah P. Long, Esq. (SBN 251850)
Koeller, Nebeker, Carlson & Haluck, LLP
225 Broadway, 21st Floor
San Diego, CA 92101
Sharon.Huerta@knchlaw.com
619-233-1600; fax: 619-236-0527

Attorneys for Plaintiff,
PULTE HOME CORPORATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PULTE HOME CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMERICAN SAFETY INDEMNITY ) <br> COMPANY, ) <br> ) <br> Defendant. ) | Case No. **'16CV2567 H    JLB** <br><br> **COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF; AND DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff PULTE HOME CORPORATION ("Pulte"), for causes of action against Defendant AMERICAN SAFETY INDEMNITY COMPANY ("ASIC"), alleges and states that:

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. Pulte is a corporation duly organized and authorized to conduct business in California, is incorporated in the State of Michigan, with its principal place of business in the State of Georgia.

2. ASIC is a non-admitted insurance carrier conducting business in the State of California, is incorporated in the State of Oklahoma, with its principal place of business in the State of New Hampshire.

3. The jurisdiction of this Court over the subject matter of this action is predicated on 28 USC section 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this District because a substantial part of the events or omissions giving right to the claims occurred in this District.

5. The first of the construction defect actions underlying this complaint, *Salvador Salazar, et al. v. Pulte Home Corporation, et al.*, was filed and prosecuted in the Superior Court of the State of California, County of San Diego, Case No. 37-2013-00079447-CU-CD-CTL, (the "*Salazar* Action").

6. The second construction defect action underlying this complaint, *Ronald L. Morris, Sr., et al. v. Pulte Home Corporation, et al.*, was filed and prosecuted in the Superior Court of the State of California, County of Riverside, Case No. RIC1211981, (the "*Morris* Action").

7. The *Salazar* and *Morris* Actions together are collectively referred to herein as the "Underlying Actions."

## HISTORY AND FACTUAL ALLEGATIONS

8. This matter involves a dispute between an insurer and its insured as to whether ASIC is obliged to defend Pulte in the Underlying Actions. Pulte qualifies as an additional insured under insurance policies issued by ASIC to subcontractors who worked on the homes which were the subject of the Underlying Actions pursuant to contracts with Pulte. As an additional insured, ASIC owed Pulte certain duties and obligations, including but not limited to the duty of good faith and fair dealing implied in every contract of insurance.

9. Pulte was the developer of the homes at issue in the *Salazar* Action. The *Salazar* Action involves the Reserve at the Woods project located in Chula Vista, California. The Reserve at the Woods project consists of single family homes built in multiple phases, but all homes in the *Salazar* Actions were completed at various times between 2004 and 2005. Pulte contracted with a

number of subcontractors to perform work on the subject project, including Concrete Concepts, Inc. ("Concrete Concepts") and Foshay Electric Co., Inc. ("Foshay"). Those contracts are valid and enforceable.

10. Pulte was the developer of the homes at issue in the *Morris* Action. The *Morris* Action involves The Meadows project in Temecula, California. The Meadows project consists of single family homes built in multiple phases, but all homes in the *Morris* Action were completed at various times between 2006 and 2007. Pulte contracted with a number of subcontractors to perform work on the subject projects, including MJW & Associates, Inc. ("MJW") and Tunstill Plastering, Inc. ("Tunstill"). Those contracts are valid and enforceable.

11. The pertinent portions of the subcontracts between Pulte and Concrete Concepts are collectively attached as **Exhibit "A"** and incorporated herein by reference. The pertinent portions of the subcontracts between Pulte and Foshay are collectively attached as **Exhibit "B"** and incorporated herein by reference. The pertinent portions of the subcontracts between Pulte and MJW are collectively attached as **Exhibit "C"** and incorporated herein by reference. The pertinent portions of the subcontracts between Pulte and Tunstill are collectively attached as **Exhibit "D"** and incorporated herein by reference.

12. Beginning in October 2012, Homeowner-Claimants began serving purported Notices of Claims pursuant to California Civil Code section 910, alleging defects and resulting damages to their single family homes. On or about December 11, 2013, Salvador Salazar, David and Elizabeth Katz, Suk Hee Han, John and Myllissa McCann, and Rudy and Simona Erm (the "*Salazar* Plaintiffs") filed a complaint in the *Salazar* Action. A copy of the Complaint in the *Salazar* Action is attached hereto as **Exhibit "E"** and is incorporated herein by reference. The *Salazar* Plaintiffs sought damages based on alleged construction defects and resulting damages in their homes.

///

860.642:242462v2

3

COMPLAINT

13. On or about February 3, 2014, the parties entered into a Stipulation Regarding Stay of Action for Parties to Proceed Pursuant to Civil Code section 895, et seq. On May 18, 2015, the parties entered into a Stipulation and Order to Lift Stay on Action.

14. Pulte is defending the *Salazar* Action and asserting claims against several of the subcontractors whose work was implicated by the *Salazar* Plaintiffs' defect and damage claims.

15. On August 7, 2012, Ronald L. Morris, Sr.; Alvaro Berrios; Karen Berrios; Thomas Corcoran; Wayne Corcoran; Jamal Farha; Lisa Farha; Joel D. Lagman; Jacinta B. Lagman; Allen Licitra; Janet Licitra; Kelly Moses; Pamela Moses; Donald Park; James S. Rowell; Lucinda J. Rowell; and Meerveis Stanisai (the "*Morris* Plaintiffs") filed a Complaint in the *Morris* Action. A copy of the Complaint in the *Morris* Action is attached hereto as **Exhibit "F"** and is incorporated herein by reference. The *Morris* Plaintiffs sought damages based on alleged construction defects and resulting damages in their homes.

16. On February 5, 2013, the *Morris* Plaintiffs filed a First Amended Complaint. On or about July 26, 2013, Pulte filed an Answer to Plaintiffs' First Amended Complaint, generally denying the allegations and forwarding affirmative defenses.

17. Pulte defended the *Morris* Action and provided notice to many of the subcontractors whose work was implicated in the *Morris* Plaintiffs' defect and damage claims.

18. Many, if not all of the subcontractors, were contractually required to and did in fact require their carriers to name Pulte as an additional insured to their commercial general liability ("CGL") insurance policies.

19. ASIC issued, *inter alia*, the following relevant CGL policies:

    A. Concrete Concepts: ESL001135-04-03, effective 10/20/04-10/20/05;

    B. Foshay: ESL001006-04-03, effective 07/03/04-07/03/05;

  C. MJW: ESL006345-0603, effective 01/22/06-01/22/07;

  D. MJW: ESL006345-0704, effective 01/22/07-01/22/08;

  E. Tunstill: ESL001222-0604, effective 03/25/06-03/25/07; and

  F. Tunstill: ESL001222-0705, effective 03/25/07-03/25/08.

20. Pulte was provided with Certificates of Insurance and Endorsements confirming the subcontractors' representations that Pulte had been named as an additional insured on the subcontractors' insurance policies, and Pulte reasonably relied on these representations. Exemplar Certificates of Insurance and Endorsements are attached hereto as **Exhibit "G."**

21. On November 25, 2013, Pulte tendered its defense and indemnity for the *Salazar* Action to ASIC under the terms and conditions of the policies, and specifically referenced the additional insured Certificates and Endorsements issued to Pulte, as well as the subcontracts between the parties.

22. On September 19, 2012 and November 6, 2012, Pulte tendered its defense and indemnity for the *Morris* Action to ASIC under the terms and conditions of the policies, and specifically referenced the additional insured Certificates and Endorsements issued to Pulte, as well as the relevant subcontract agreements between the parties.

23. In each instance, in breach of its obligations under the policies, ASIC wrongfully denied Pulte's tender of the Underlying Actions and/or otherwise failed and refused to provide a defense or to indemnify Pulte for any damages that might be awarded with regard to the Underlying Actions.

24. Pulte has incurred and will continue to incur attorneys' fees, costs, and expenses for which it is immediately entitled to recover from ASIC for its breach of the insurance contracts. These damages will continue to accrue, as the *Salazar* Action is presently ongoing. Pulte's damages attributable to ASIC's wrongful conduct includes both the costs and attorneys' fees incurred by Pulte in this matter, as well as those incurred in the Underlying Actions.

**FIRST CAUSE OF ACTION**
**(Declaratory Relief - Duty to Defend under Concrete Concepts Policies)**
**(Against ASIC)**

25. Pulte re-alleges and incorporates by reference paragraphs 1 through 24 above as though fully set forth herein.

26. Pulte is informed and believes that the Court has the power to grant declaratory relief and determine issues presented in this action.

27. An actual controversy has arisen and now exists between Pulte and ASIC in that Pulte contends that ASIC is contractually obligated and/or responsible to immediately and fully defend Pulte in the *Salazar* Action based on the terms of its Concrete Concepts policies. ASIC, on the other hand, contends that it has no such obligation.

28. Pulte desires a judicial determination of the respective rights and obligations of ASIC and Pulte with respect to Pulte's claims for defense in the *Salazar* Action.

29. Such a judicial determination is necessary and appropriate in order for Pulte to ascertain and enforce its rights and ASIC's obligations as an insured under the terms of the policies identified above.

**SECOND CAUSE OF ACTION**
**(Declaratory Relief - Duty to Defend under Foshay Policies)**
**(Against ASIC)**

30. Pulte re-alleges and incorporates by reference paragraphs 1 through 29 above as though fully set forth herein.

31. Pulte is informed and believes that the Court has the power to grant declaratory relief and determine issues presented in this action.

32. An actual controversy has arisen and now exists between Pulte and ASIC in that Pulte contends that ASIC is contractually obligated and/or responsible to immediately and fully defend Pulte in the *Salazar* Action based on the terms of

its Foshay policies. ASIC, on the other hand, contends that it has no such obligation.

33. Pulte desires a judicial determination of the respective rights and obligations of ASIC and Pulte with respect to Pulte's claims for defense in the *Salazar* Action.

34. Such a judicial determination is necessary and appropriate in order for Pulte to ascertain and enforce its rights and ASIC's obligations as an insured under the terms of the policies identified above.

## THIRD CAUSE OF ACTION
### (Declaratory Relief - Duty to Defend under MJW Policies)
### (Against ASIC)

35. Pulte re-alleges and incorporates by reference paragraphs 1 through 34 above as though fully set forth herein.

36. Pulte is informed and believes that the Court has the power to grant declaratory relief and determine issues presented in this action.

37. An actual controversy has arisen and now exists between Pulte and ASIC in that Pulte contends that ASIC is contractually obligated and/or responsible to immediately and fully defend Pulte in the *Morris* Action based on the terms of its MJW policies. ASIC, on the other hand, contends that it has no such obligation.

38. Pulte desires a judicial determination of the respective rights and obligations of ASIC and Pulte with respect to Pulte's claims for defense in the *Morris* Action.

39. Such a judicial determination is necessary and appropriate in order for Pulte to ascertain and enforce its rights and ASIC's obligations as an insured under the terms of the policies identified above.

///
///
///

## FOURTH CAUSE OF ACTION
### (Declaratory Relief - Duty to Defend under Tunstill Policies)
### (Against ASIC)

40. Pulte re-alleges and incorporates by reference paragraphs 1 through 39 above as though fully set forth herein.

41. Pulte is informed and believes that the Court has the power to grant declaratory relief and determine issues presented in this action.

42. An actual controversy has arisen and now exists between Pulte and ASIC in that Pulte contends that ASIC is contractually obligated and/or responsible to immediately and fully defend Pulte in the *Morris* Action based on the terms of its Tunstill policies. ASIC, on the other hand, contends that it has no such obligation.

43. Pulte desires a judicial determination of the respective rights and obligations of ASIC and Pulte with respect to Pulte's claims for defense in the *Morris* Action.

44. Such a judicial determination is necessary and appropriate in order for Pulte to ascertain and enforce its rights and ASIC's obligations as an insured under the terms of the policies identified above.

## FIFTH CAUSE OF ACTION
### (Breach of Contract - Failure to Defend)
### (Against ASIC)

45. Pulte re-alleges and incorporates by reference paragraphs 1 through 44 above as though fully set forth herein.

46. Pulte is informed and believes and on that basis alleges that premiums were regularly paid and that each of the applicable policies were kept in full force and effect throughout the stated policy periods.

47. ASIC was timely notified of the claims against its insured Pulte, and Pulte requested that ASIC immediately and fully defend it pursuant to the duties owed Pulte as an additional insured under the policies. Despite a clear duty to

investigate Pulte's claims in a timely manner and to fully defend Pulte against liability in the Underlying Actions, ASIC failed to conduct a timely or adequate investigation and failed and continues to fail to defend Pulte in the Underlying Actions.

48. The Underlying Actions allege damages that are potentially covered by the applicable policies issued by ASIC. Specifically, the Underlying Actions allege a potential for coverage for resultant property damage arising out of the work of each named insured subcontractor, including Concrete Concepts, Foshay, MJW, and Tunstill, as defined by their respective policies.

49. Pulte fully or substantially complied with all of its contractual obligations under the policies issued by ASIC or was excused from doing so as a result of ASIC's refusal or failure to fully defend Pulte. Notwithstanding this fact, ASIC refused to properly investigate Pulte's claims and failed to defend Pulte in the Underlying Actions in breach of the obligations set forth in the aforementioned policies. As a result of the breach, ASIC has, *inter alia*, waived enforcement of provisions in the aforementioned policies.

50. As a direct and proximate result of such breaches by ASIC, Pulte has suffered and continues to suffer damages related to its defense, including but not limited to attorney, vendor, and expert fees and costs incurred in defending the Underlying Actions; loss of use of funds; and other foreseeable damages, including pre-judgment interest at the legal rate.

**SIXTH CAUSE OF ACTION**
**(Breach of Duty of Good Faith and Fair Dealing)**
**(Against ASIC)**

51. Pulte re-alleges and incorporates by reference paragraphs 1 through 50 above as though fully set forth herein.

52. By issuing the applicable policies providing coverage to Pulte as an additional insured, ASIC assumed obligations of trust, confidence, and the utmost

good faith to Pulte. By virtue of having assumed these obligations, ASIC owed Pulte a duty of good faith and fair dealing, obligating ASIC to place Pulte's interests equal with or ahead of its own interests, and to do nothing to deprive Pulte of the benefits of the policies.

53. ASIC denied and refused to pay for Pulte's defense in the Underlying Actions without a reasonable basis for doing so. ASIC was aware of the lack of reasonable support for its denial of coverage and/or acted with reckless disregard as to its position.

54. ASIC sought to protect its own interests over the interests of its insured and breached its obligations to act fairly and in good faith towards Pulte by engaging in, but not necessarily limited to, the following conduct:

    A. Failing to conduct a reasonable, timely, and unbiased investigation to fully evaluate Pulte's requests for an immediate and full defense for the Underlying Actions;

    B. Failing to respond in a timely manner;

    C. Refusing to acknowledge and honor the obligations to Pulte under the policies;

    D. Misrepresenting pertinent policy provisions;

    E. Basing coverage decisions on a desire to reduce and/or avoid obligations to Pulte; and

    F. Failing and refusing to afford Pulte a full and complete defense in the Underlying Actions.

55. By engaging in the foregoing conduct, ASIC purposely deprived Pulte of the rights and benefits as an insured under the policies.

56. ASIC's conduct, as alleged herein, is part of a conscious and deliberate pattern of unfair claims practices engaged in by ASIC. Such practices include a deliberately conceived, continuous policy and practice of non-payment and rejection of tenders of defense made by its insureds, including Pulte herein. Such a

deliberate practice frustrates Pulte's reasonable expectations for coverage under the terms of the liability insurance policies and constitutes a breach of the covenant of good faith and fair dealing.

57. ASIC's conscious and deliberate conduct is consistent with the egregious and unfair practice by ASIC in refusing to effectuate its duty to defend its insureds in cases like the Underlying Actions.

58. ASIC, by and through their officers, directors, and/or managing agents, authorized or ratified the wrongful acts of its employees and/or agents as herein described or knew in advance that the employee and/or agent was likely to commit such acts, and employed and/or engaged him or her with conscious disregard of the rights of others.

59. As a direct and proximate result of such breaches by ASIC, Pulte has been injured and has suffered and continues to suffer damage in an amount as yet to be fully ascertained. Such damages include, but are not limited to, investigative defense fees and costs, including attorneys' fees, incurred in defending the Underlying Actions; legal costs incurred to obtain the benefits of Pulte's coverage as an insured; loss of use of funds; and other foreseeable damages in a total sum to be determined at the time of trial, including pre-judgment interest at the legal rate.

60. ASIC's conscious and deliberate conduct as alleged herein is despicable and has been carried out in willful and conscious disregard of Pulte's rights and with the intent to vex, injure, or annoy Pulte and in conscious disregard of Pulte's economic interests such as to constitute a conscious disregard of Pulte's rights. Accordingly, ASIC's conduct entitles Pulte to punitive damages in an appropriate amount to punish ASIC and to deter such conduct in the future.

///
///
///
///

**WHEREFORE**, Pulte prays for judgment against ASIC as follows:

A. On the First Cause of Action, for a declaration that ASIC is contractually and legally obligated to fully and completely defend Pulte under the terms of its Concrete Concepts policies in the *Salazar* Action;

B. On the Second Cause of Action, for a declaration that ASIC is contractually and legally obligated to fully and completely defend Pulte under the terms of its Foshay policies in the *Salazar* Action;

C. On the Third Cause of Action, for a declaration that ASIC is contractually and legally obligated to fully and completely defend Pulte under the terms of its MJW policies in the *Morris* Action;

D. On the Fourth Cause of Action, for a declaration that ASIC is contractually and legally obligated to fully and completely defend Pulte under the terms of its Tunstill policies in the *Morris* Action;

E. On the Fifth Cause of Action, for compensatory damages in an amount that is yet to be ascertained and will be established according to proof at trial, together with interest on such amount as provided by law, but in excess of $75,000.00;

F. On the Sixth Cause of Action, for compensatory damages established according to proof at trial, together with interest as permitted by law, attorney's fees reasonably incurred to compel payment of policy benefits, and for punitive and exemplary damages, in an amount sufficient to punish and deter ASIC, but not less than $1,000,000.00;

///
///
///
///
///

1 | AND ON ALL CAUSES OF ACTION:

2 |     G. For reasonable fees and costs and interest both prejudgment and post

3 | judgment on such amounts as provided by contract or law; and

4 |     H. For such other and further relief as this Court deems just and proper.

5 |                        Respectfully submitted,

6 | DATED:  October 14, 2016       Koeller, Nebeker, Carlson & Haluck, LLP

*s/ Sharon A. Huerta*

Sharon A. Huerta, Esq.
Attorneys for Plaintiff,
PULTE HOME CORPORATION
*sharon.huerta@knchlaw.com*

860.642:242462v2

13
COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully submitted,

DATED: October 14, 2016

Koeller, Nebeker, Carlson & Haluck, LLP

*s/ Sharon A. Huerta*

Sharon A. Huerta, Esq.
Attorneys for Plaintiff,
PULTE HOME CORPORATION
*sharon.huerta@knchlaw.com*