**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PULTE HOME CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>TIG INSURANCE COMPANY, successor by merger to AMERICAN SAFETY INDEMNITY COMPANY,<br><br>Defendant. | Case No.: 3:16-cv-02567-H-AGS<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S RULING**<br><br>[Doc. No. 100.] |

On July 16, 2021, Plaintiff Pulte Home Corporation ("Plaintiff") filed an objection to a protective order issued by the magistrate judge. (Doc. No. 100.) On July 30, 2021, Defendant TIG Insurance Co. ("Defendant") filed an opposition. (Doc. No. 105.) On August 9, 2021, Plaintiff filed a reply. (Doc. No. 107.) The Court submitted the matter under Local Rule 7.1(d)(1). (Doc. No. 106.) For the reasons that follow, the Court overrules Plaintiff's objection to the magistrate judge's protective order.

**Background**

Plaintiff objects to the magistrate judge's protective order concerning discovery in this insurance dispute. (Doc. No. 100.) Plaintiff was the general contractor for two real estate development projects relevant to this lawsuit. (Doc. No. 1 ¶¶ 9-10.) In 2012 and 2013, several homeowners in these developments initiated construction defect litigation against Plaintiff. (Doc. No. 21, Def's Stmt. of Genuine Issues at 7; Doc. No. 38, Ex. 3.) Plaintiff asked Defendant to defend it against the homeowners as an additional insured under four of its subcontractors' policies. (See Doc. No. 89, Newton Decl., Exs. 5, 6; Doc. No. 90, Newton Decl., Ex. D at 2, Ex. I at 2.) For various reasons, Defendant denied coverage. (Doc. No. 42, Newton Decl., Exs. 16, 19; Doc. No. 90, Newton Decl., Ex. D at 2, Ex. I at 2.)

On October 14, 2016, Plaintiff filed the instant action, alleging that Defendant should have provided a defense. (Doc. No. 1.) Plaintiff asserted claims against Defendant for declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing. (Id. ¶¶ 25-60.) On May 16, 2018, the Court held that Defendant owed no duty to defend Plaintiff in the underlying construction defect actions. Pulte Home Corp. v. TIG Ins. Co., 312 F. Supp. 3d 917, 932 (S.D. Cal. 2018), rev'd and remanded, 794 F. App'x 587 (9th Cir. 2019). Consequently, the Court granted summary judgment as a matter of law on all of Plaintiff's claims, including Plaintiff's bad faith claim. Id.

On June 14, 2018, Plaintiff appealed. (Doc. No. 67.) After full briefing, the Ninth Circuit held that Defendant owed a duty to defend Plaintiff, reversing the Court's May 2018 summary judgment order. Pulte Home Corp. v. TIG Ins. Co., 794 F. App'x 587, 589-90 (9th Cir. 2019) (mem.). The Ninth Circuit also held that Plaintiff waived its bad faith claim "either by failing to raise the claim in its opening brief, or by raising the claim perfunctorily and inadequately in its reply brief." Id. at 589 (internal citations omitted). The Ninth Circuit then remanded the case for proceedings consistent with its disposition. Id. at 590. Plaintiff did not file a petition for rehearing before the Ninth Circuit or otherwise seek review of the Ninth Circuit's mandate.

On remand, Plaintiff noticed the deposition of Defendant's bad faith expert. (Doc. No. 84, Keaster Decl., Ex. E.) On May 20, 2021, Defendant filed a motion for a protective order, arguing that Plaintiff waived its bad faith claim. (Doc. No. 84 at 4-6.) On July 2, 2021, the magistrate judge agreed and granted the motion, prohibiting Plaintiff from deposing Defendant's expert. (See Doc. No. 96 at 13-15.) On July 16, 2021, Plaintiff filed an objection to the magistrate judge's ruling. (Doc. No. 100.)[1]

**Discussion**

Federal Rule of Civil Procedure 72(a) governs objections to magistrate judge rulings on non-dispositive pretrial matters, like the motion for a protective order at issue here. See Hoar v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation."); Est. of Sanchez v. Cty. of Stanislaus, No. 1:18-CV-00977-DAD-BAM, 2019 WL 5422939, at *1 (E.D. Cal. Oct. 23, 2019) ("Motions for a protective order are non-dispositive pretrial motions which come within the scope of Rule 72(a) . . . ."). Under Rule 72(a), a district judge may modify or set aside a magistrate judge's ruling that is "clearly erroneous" or "contrary to law." See also 28 U.S.C.A. § 636(b)(1)(A) (expounding the same standard).

Plaintiff argues that the magistrate judge erred by prohibiting it from deposing Defendant's bad faith expert. (Doc. No. 100 at 11; Doc. No. 107 at 8.) Plaintiff contends the waiver language in the Ninth Circuit's mandate is ambiguous. (Doc. No. 100 at 3.) It reads the Ninth Circuit's mandate as "merely convey[ing] that the Ninth Circuit refused to address the [bad faith] issue at the appellate level." (Id. at 4.)

But Plaintiff's reading is incorrect. The Ninth Circuit unambiguously held that

---

[1] Plaintiff stylizes its motion as a "motion for clarification," (Doc. No. 100 at 2), presumably to avoid the deferential standard given to non-dispositive magistrate judge rulings, Fed. R. Civ. P. 72(a). But the Federal Rules do not specifically authorize motions for clarification. United States v. Philip Morris USA Inc., 793 F. Supp. 2d 164, 168 (D.D.C. 2011). As such, the Court construes Plaintiff's motion for what it is: an objection to the magistrate judge's protective order. Nevertheless, Plaintiff's motion for clarification would fail because, for the reasons set forth in this Order, the Ninth Circuit's mandate is unambiguous.

3

"Plaintiff waived or forfeited its claim for bad faith." Pulte Home Corp., 794 F. App'x at 589.[2]  And the Court's May 2018 order was similarly clear, granting summary judgment on "all of [Plaintiff]'s claims," including the bad faith claim. Pulte Home Corp., 312 F. Supp. 3d at 932, rev'd and remanded, 794 F. App'x 587 (9th Cir. 2019).  Because Plaintiff waived its bad faith claim, the discovery Plaintiff requests is irrelevant.  The Court agrees with the magistrate judge's protective order and overrules Plaintiff's objection. See Monte H. Greenawalt Revocable Tr. v. Brown, No. 2:12-CV-01983-LRH, 2013 WL 6844760, at *3 (D. Nev. Dec. 19, 2013) ("If the discovery sought is not relevant, the court should restrict discovery by issuing a protective order.  Discovery requests seeking irrelevant information are inherently undue and burdensome." (internal citations omitted)); see also Fed. R. Civ. P. 26(b)(1) (limiting discovery to matters that are "relevant to any party's claim or defense); Herbert v. Lando, 441 U.S. 153, 177 (1979) (explaining that courts should "firmly" apply the relevancy requirement in Rule 26(b)(1) to facilitate efficient and cost-effective litigation).

## Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objection to the magistrate judge's ruling on Defendant's motion for a protective order.

**IT IS SO ORDERED.**

DATED: August 20, 2021

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2]  Plaintiff alternatively argues that the Court should disregard the Ninth Circuit's mandate to avoid a manifest injustice. (Doc. No. 100 at 9.)  While a district court "is not required to woodenly follow a mandate's strict terms where patent injustice or absurdity would result," United States v. Kellington, 217 F.3d 1084, 1095 n.12 (9th Cir. 2000), that is not the case here.  In this instance, the Ninth Circuit's application of the waiver doctrine encourages efficient litigation, an interest that is also furthered by the rule of mandate. United States v. Thrasher, 483 F.3d 977, 982 (9th Cir. 2007) (explaining rule of mandate promotes "consistency, finality and efficiency" and "preserv[es] the hierarchical structure of the court system").  The Court defers to the Ninth Circuit's waiver determination and also agrees with its rationale.